UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff<br><br>v.<br><br>MARQUIS LAMAR FRANKLIN,<br><br>    Defendant | Case No.: 2:17-cr-00333-APG-BNW<br><br>**Order Denying Motion for Modification of Sentence**<br><br>[ECF No. 135] |

Defendant Marquis Lamar Franklin moves for a modification of his sentence. ECF No. 135. I deny the motion for at least two reasons.

First, Franklin moves for relief under 18 U.S.C. § 3582(c)(1)(A). That statute authorizes me to reduce a defendant's prison term, but only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf . . . ." 18 U.S.C. § 3582(c)(1)(A). Franklin has not shown he has exhausted his remedies through the Bureau of Prisons (BoP).

Second, to the extent Franklin is challenging how the BoP has calculated his sentence, that must be brought under a different statute: 28 U.S.C. § 2241. *United States v. Cabrera*, 83 F.4th 729, 740 (9th Cir. 2023) ("[T]he Bureau of Prisons (BOP)—rather than the sentencing court—calculates the defendant's entitlement to sentencing credit under § 3585(b) in the first instance. A defendant may then challenge BOP's calculation—in other words, the execution of the sentence—by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241.") (simplified). That challenge must be brought in the district where Franklin is incarcerated. *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("[F]or core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement."). And

like the compassionate release statute, § 2241 requires Franklin to exhaust his administrative remedies before filing his motion. *United States v. Wilson*, 503 U.S. 329, 335 (1992) ("Federal regulations have afforded prisoners administrative review of the computation of their credits . . . and prisoners have been able to seek judicial review of these computations after exhausting their administrative remedies . . . .") (citations omitted).  Because Franklin has not shown he exhausted his administrative remedies, I must deny his motion for that reason as well.

I THEREFORE ORDER that Franklin's motion **(ECF No. 135) is denied**.

Dated this 13th day of February, 2024.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

2